IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS DORSEY BAILEY, III                                                        PLAINTIFF

v.                                         Civil No. 6:21-CV-06026

SERGEANT HUNTER, LIEUTENANT                                                     DEFENDANTS
ADAM CLARK, CAPTAIN EVELYN
HAYNIE, CORPORAL JASMINE
DICKERSON, WARDEN DEXTER
JACKSON, JUSTINE MINOR, RAYMOND
NAYLOR, FORMER DIRECTOR WENDY
KELLY, CAPTAIN JEREMY CASEY,
CORPORAL CALDWELL, and SERGEANT
MAHONEY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on March 3, 2021. (ECF No. 1). That same day, the Court entered an Order directing Plaintiff to file an *in forma pauperis* ("IFP") application and an Amended Complaint by March 24, 2021. (ECF No. 2). Plaintiff did so on March 12, 2021. (ECF

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Nos. 4, 5). Plaintiff was granted IFP status on March 15, 2021. (ECF No. 7). Plaintiff is currently housed in the Arkansas Division of Corrections[2] ("ADC") North Central Unit, but his claims center on his time in the ADC Ouachita River Unit. (ECF No. 5).

Plaintiff raises three claims in his Amended Complaint. As his first claim, he alleges that on October 30, 2019, Defendants Casey and Caldwell escorted him, handcuffed, back to SNC-Restrictive Housing (Cell 12). (ECF No. 5 at 4). When Plaintiff submitted his hands to them to have his handcuffs removed, Inmate Jones grabbed his fingers and hands through the bars, began to apply pressure, and inflicted pain upon him. (*Id.*). Plaintiff asked Defendants Casey and Caldwell to assist and protect him, but they refused to do so and laughed instead. Inmate Jones "eventually released [Plaintiff's] hands and fingers of his own accord without ANY intervention" from Defendants. (*Id.*) (emphasis in original). Plaintiff alleges that this incident was the "result of retaliation for me utilizing the grievance process in previous instances on their fellow staff members." (*Id*. at 4, 10). Plaintiff further alleges that he was deliberately placed in SNC-Restrictive Housing (Cell #12) because the cameras would not fully cover that cell and the retaliation "could be done to [him.]" (*Id*. at 10).

For his second claim, Plaintiff alleges that on February 6, 2019, Defendants Hunter, Clark, Haynie, Minor, Jackson, Naylor, Kelly, and Dickerson violated his constitutional rights through the ADC disciplinary process as another act of retaliation against him. He further alleges he was denied due process for the disciplinary charge. (*Id*. at 5). Although Plaintiff does not identify the act or acts which prompted the retaliation, his allegations in Claim One permit the inference, at least at this early stage of the case, that his use of the grievance process was the retaliatory trigger.

---

[2] The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections. The new Department is a Cabinet level department within the Arkansas State Government which includes the Division of Correction and the Division of Community Correction.

A memorandum from former ADC Director Wendy Kelley indicates that the disciplinary conviction was overturned in part on April 28, 2019. (*Id*. at 16). Plaintiff alleges that the named Defendants "knowingly and willingly refused to effectively assess this incident" in order to retaliate against him. (*Id*. at 6).

For his third claim, Plaintiff alleges that on January 9, 2018, Defendant Mahoney failed to store his personal property correctly after inventory, resulting in the loss of his shoes and t-shirts. (*Id*. at 6-7).

Plaintiff proceeds against all Defendants for all claims in both their official and individual capacities. (*Id*. at 4, 5, 6). He seeks compensatory and punitive damages. (*Id*. at 7).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

3

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Official Capacity Claims

Plaintiff's official capacity claims against Defendants are subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Defendants are all employees of the Arkansas Division of Correction, Plaintiff's official capacity claims against them are subject to dismissal.

#### B.  Loss of Personal Property

Plaintiff has failed to state a cognizable claim under § 1983 for his alleged personal property loss. *See Clark v. Kansas City Mo. Sch. Dist.*, 375 F.3d 698, 793 (8th Cir. 2004) (no cause of action for the taking of personal property as long as the state provides an adequate post-deprivation remedy). Even if the deprivation of his property was intentional, there is no Due Process violation when the state has provided Plaintiff with adequate post-deprivation remedies.

4

*See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). Arkansas provides the post-deprivation remedy of conversion for the recovery of personal property. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts to recover his lost property, he has no plausible claim pursuant to § 1983 in this regard.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity claims against all Defendants, as well as his personal capacity claim against Defendant Mahoney be DISMISSED WITHOUT PREJUDICE. As this was the sole claim against Defendant Mahoney, it is further recommended that he be terminated as a Defendant in this case. Plaintiff's other claims against all other Defendants should remain for further review.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **22nd day of April 2021**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE