IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS DORSEY BAILEY, III                                                                    PLAINTIFF

v.                                           Case No. 6:21-cv-6026

SERGEANT HUNTER, *et al.*                                                                  DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation filed by Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 8. Plaintiff has filed an Objection. ECF No. 9. The Court finds the matter ripe for consideration.

## I. BACKGROUND

On March 3, 2021, Plaintiff filed his initial Complaint. ECF No. 1. On March 12, 2021, Plaintiff filed his Amended Complaint. ECF No. 5. Plaintiff is currently an inmate in the Ouachita River Correctional Unit of the Arkansas Division of Correction. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). ECF No. 6. Plaintiff brings three claims under 42 U.S.C. § 1983. *Id*. Plaintiff's first claim is against Defendants Casey and Caldwell for failing to protect him and intervene when he was attacked by a fellow inmate. *Id*. at p. 4-5. His second claim is against Defendants Hunter, Clark, Hayne, Minor, Jackson, Naylor, Kelly, and Dickerson for improperly initiating an Arkansas Department of Corrections ("ADC") disciplinary process against him as an act of retaliation. *Id*. at p. 5-6. His third claim is against Defendant Mahoney for failing to properly store his personal property, which resulted in its loss. *Id*. at p. 6-7. Plaintiff brings all claims against Defendants in their individual and official capacities and seeks monetary relief for his claims. *Id*. at p. 4-7. On April 22, 2021, Judge Bryant issued his Report and Recommendation screening Plaintiff's Amended Complaint pursuant to the requirements of the Prison Litigation

Reform Act. ECF No. 8. Judge Bryant recommends that all of Plaintiff's official capacities claims be dismissed, that the claim against Defendant Mahoney be dismissed, and that the remaining claims proceed. *Id.* at p. 4-5. Defendant filed an objection to Judge Bryant's recommendation, arguing that all claims should proceed. ECF No. 9.

## II. DISCUSSION

Complaints filed by prisoners seeking redress from any government entity or employee must be reviewed by the Court. *See* 28 U.S.C § 1915(a). Courts must dismiss a complaint or any part of a complaint that "1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or 2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C § 1915(b). A complaint filed by a pro se litigant is to be liberally construed and held to less stringent standards than pleadings submitted by attorneys. *See Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (citation omitted). "Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985) (citation omitted). A claim upon which relief may be granted requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A frivolous claim is one that "lacks an arguable basis in law or fact." *Holt v. Caspari*, 961 F.2d 1370, 1372 (8th Cir. 1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 324-27 (1989)).

### A. Official Capacity Claims

Judge Bryant recommends that all of Plaintiff's official capacity claims be dismissed because all Defendants are immune from 42 U.S.C. § 1983 official capacity claims because they are state employees. ECF No. 8, p. 4. Judge Bryant notes that official capacity claims against state employees are essentially suits against a state itself. *Id*. Judge Bryant further notes that states

2

are immune from § 1983 suits. *Id*. Judge Bryant then concludes that Plaintiff's official capacity claims cannot proceed and must be dismissed. *Id*. Defendant filed an objection to Judge Bryant's recommendations but does not address the issue of state immunity raised by Judge Bryant. ECF No. 9. Defendant's main argument is the importance of the Eighth Amendment, upon which one of his claims rest, and how it would be subversive to Constitutional principles to dismiss the official capacity claims. *Id*. at p. 1-3.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citation omitted). Suits in federal court by citizens of a State against that State are barred by the Eleventh Amendment, regardless of whether a Plaintiff seeks legal or equitable relief.[1] *See Williams v. State of Missouri*, 973 F.2d 599, 599-600 (8th Cir. 1992) (citation omitted). A State and its officials acting in their official capacities are not subject to suit under § 1983. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (citations omitted).

The Court finds Judge Bryant's reasoning sound. Each Defendant is an employee of the Arkansas Department of Corrections, and therefore the State of Arkansas. A claim against the Defendants in their official capacities is functionally a claim against the State of Arkansas. *See Veatch*, 627 F.3d at 1257. The State of Arkansas cannot be subject to claims brought pursuant to § 1983. *See McLean*, 548 F.3d at 618. Accordingly, the Court finds that Plaintiff's official capacity claims must fail.

**B. Lost Property Claims**

Judge Bryant recommends that Plaintiff's claim against Defendant Mahoney for the loss of personal property be dismissed. ECF No. 8, p. 4-5. Judge Bryant states that Plaintiff has not

---

[1] The two established exceptions to this principle, Congressional abrogation and state waiver, are not applicable in this matter. *See Williams*, 973 F.2d at 600.

stated a cognizable claim under § 1983 for any alleged personal property loss. *Id*. at p. 4. Judge Bryant notes that takings of personal property, even if intentional, do not create a cause of action so long as the state provides a remedy for the deprivation of property. *Id*. at p. 4-5. He then notes that Arkansas provides a remedy that Plaintiff could have used to recovery his property. *Id*. at p. 5. Judge Bryant then concludes that Plaintiff's claim for lost property against Defendant Mahoney should be dismissed. *Id*. Judge Bryant also recommends that Mahoney be dismissed as a Defendant because this is the only claim against him. *Id*. Plaintiff's objection does not address the issue raised by Judge Bryant. ECF No. 9. Plaintiff's only direct reference to his lost property claim is the attachment of receipts to indicate the value of the lost property. *Id*. at p. 4-10.

A plaintiff cannot bring a claim against a government employee for deprivation of property under § 1983 if the state offers a sufficient post-deprivation remedy. *See Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 702-03 (8th Cir. 2004) (holding that while school district employees improperly deprived a teacher of property, due process was not violated because Missouri law offered an adequate remedy for the deprivation) (citations omitted). A claim of conversion under Arkansas law provides a remedy when wrongful dominion is exerted over an owner's property in denial of the owner's right. *See Elliot v. Hurst*, 817 S.W.2d 877, 880 (Ark. 1991).

The Court finds that Judge Bryant's conclusion is sound. Plaintiff possesses a remedy under Arkansas law for the deprivation of his property. *See Elliot*, 817 S.W.2d at 880. Therefore, his due process rights have not been violated and he does not have a cognizable claim under § 1983 for his lost property. *See Clark*, 375 F.3d at 702-03. Accordingly, the Court finds that Plaintiff's claim against Defendant Mahoney for lost personal property must fail.

### III. Conclusion

Based on its *de novo* review, the Court overrules Plaintiff's objections and adopts Judge Bryant's Report and Recommendation (ECF No. 8) *in toto*. Plaintiff's official capacity claims against all Defendants are hereby **DISMISSED WITH PREJUDICE**. Plaintiff's loss of property claim against Defendant Mahoney is hereby **DISSMISSED WITHOUT PREJUDICE**. Defendant Mahoney is terminated as a Defendant in this case. Plaintiff's remaining claims may proceed.

**IT IS SO ORDERED**, this 29th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge